UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TYRONE M. MORGAN,

    Petitioner,

-vs-                                    Case No.  8:22-cv-2960-WFJ-MRM

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## ORDER

    Mr. Morgan filed a petition for the writ of habeas corpus under 28 U.S.C. § 2254 ("petition") challenging a conviction for burglary entered in 2013, in Pinellas County, Florida. The Court has undertaken the preliminary review mandated by Rule 4, Rules Governing Section 2254 Cases, and concludes the petition is subject to summary dismissal.

    Because the petition was filed after the enactment date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the petition is governed by the provisions thereof. *See Wilcox v. Singletary*, 158 F.3d 1209, 1210 (11th Cir. 1998), *cert. denied*, 531 U.S. 840 (2000). The AEDPA contains several habeas corpus amendments, one of which established a "gatekeeping" mechanism for the consideration of "second or successive habeas corpus applications" in the federal courts, *see* 28 U.S.C. § 2244(b). *See Stewart v. Martinez-Villareal*, 523 U.S. 637, 641-42 (1998). Section 2244(b) provides that before a second or successive application for habeas corpus relief is "filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

Mr. Morgan previously sought federal habeas relief in this Court regarding the 2013 burglary conviction. *See Morgan v. Secretary, Department of Corrections*, Case No. 8:20-cv-1757-SDM-MRM (M.D.Fla.) (petition dismissed July 21, 2022). The instant petition therefore is a second or successive petition. Mr. Morgan, however, has not shown he has received authorization from the court of appeals to file a second or successive habeas petition. Consequently, this Court lacks jurisdiction to consider the petition. *See Burton v. Stewart*, 549 U.S. 147, 152–57 (2007) (per curiam) (holding that when a petitioner does not obtain authorization from the appropriate court of appeals to file a second or successive habeas petition in the district court as required by § 2244(b)(3), the district court lacks jurisdiction to consider the petition).

Accordingly:

1. The petition (Doc. 1) is **DISMISSED** without prejudice.

2. The **Clerk** must send the Eleventh Circuit's form for second or successive habeas corpus petitions under 28 U.S.C. § 2244(b) to Mr. Morgan with his copy of this Order and close the case.

**ORDERED** in Tampa, Florida, on December 29, 2022.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

SA: sfc
Copy to: Tyrone M. Morgan, *pro se*